1

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282

2

Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082

3

Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200

4

San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax

5

amandas@potterhandy.com

6

Attorneys for Plaintiff

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 **Brian Whitaker**, | **Case No**. |
| 12    Plaintiff, | |
| 13 v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| 14 **Abercrombie & Fitch Stores, Inc**., an Ohio Corporation; and Does 1-10, | |
| 15 | |
| 16    Defendants. | |

17

18    Plaintiff Brian Whitaker complains of Abercrombie & Fitch Stores, Inc.,

19 an Ohio Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

20

21    **PARTIES:**

22    1.  Plaintiff is a California resident with physical disabilities. He is

23 substantially limited in his ability to walk. He suffers from a C-4 spinal cord

24 injury. He is a quadriplegic. He uses a wheelchair for mobility.

25    2.  Defendant Abercrombie & Fitch Stores, Inc owned Abercrombie &

26 Fitch located at or about 12577 N Main St, Rancho Cucamonga, California, in

27 July 2020.

28    3.  Defendant Abercrombie & Fitch Stores, Inc owns Abercrombie & Fitch

1

Complaint

1  ("Store") located at or about 12577 N Main St, Rancho Cucamonga,
2  California, currently.

3      4.  Plaintiff does not know the true names of Defendants, their business
4  capacities, their ownership connection to the property and business, or their
5  relative responsibilities in causing the access violations herein complained of,
6  and alleges a joint venture and common enterprise by all such Defendants.
7  Plaintiff is informed and believes that each of the Defendants herein,
8  including Does 1 through 10, inclusive, is responsible in some capacity for the
9  events herein alleged, or is a necessary party for obtaining appropriate relief.
10 Plaintiff will seek leave to amend when the true names, capacities,
11 connections, and responsibilities of the Defendants and Does 1 through 10,
12 inclusive, are ascertained.

13

14     **JURISDICTION & VENUE:**
15     5.  The Court has subject matter jurisdiction over the action pursuant to 28
16 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
17 Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.
18     6.  Pursuant to supplemental jurisdiction, an attendant and related cause
19 of action, arising from the same nucleus of operative facts and arising out of
20 the same transactions, is also brought under California's Unruh Civil Rights
21 Act, which act expressly incorporates the Americans with Disabilities Act.
22     7.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
23 founded on the fact that the real property which is the subject of this action is
24 located in this district and that Plaintiff's cause of action arose in this district.

25

26     **FACTUAL ALLEGATIONS:**
27     8.  Plaintiff went to the Store in July 2020 with the intention to avail
28 himself of its goods and to assess the business for compliance with the

2

Complaint

1    disability access laws.

2    9. The Store is a facility open to the public, a place of public

3    accommodation, and a business establishment.

4    10. Unfortunately, on the date of the plaintiff's visit, the defendants failed

5    to provide wheelchair accessible sales counters in conformance with the ADA

6    Standards as it relates to wheelchair users like the plaintiff.

7    11. The Store provides sales counters to its customers but fails to provide

8    wheelchair accessible sales counters.

9    12. One problem that plaintiff encountered is that the sales counters and

10    point of sale equipment for use by customers were 46 inches above the finish

11    floor. While there was a lower surface for writing and document preparation,

12    the point of sale equipment was fixed in place and didn't reach to the lower

13    level. As a result, the plaintiff had to get an employee to punch in his PIN so

14    that he could complete his transaction.

15    13. Plaintiff believes that there are other features of the sales counters that

16    likely fail to comply with the ADA Standards and seeks to have fully compliant

17    sales counters available for wheelchair users.

18    14. On information and belief, the defendants currently fail to provide

19    wheelchair accessible sales counters.

20    15. These barriers relate to and impact the plaintiff's disability. Plaintiff

21    personally encountered these barriers.

22    16. As a wheelchair user, the plaintiff benefits from and is entitled to use

23    wheelchair accessible facilities. By failing to provide accessible facilities, the

24    defendants denied the plaintiff full and equal access.

25    17. The failure to provide accessible facilities created difficulty and

26    discomfort for the Plaintiff.

27    18. The defendants have failed to maintain in working and useable

28    conditions those features required to provide ready access to persons with

Complaint

1  disabilities.

2     19. The barriers identified above are easily removed without much

3  difficulty or expense. They are the types of barriers identified by the

4  Department of Justice as presumably readily achievable to remove and, in fact,

5  these barriers are readily achievable to remove. Moreover, there are numerous

6  alternative accommodations that could be made to provide a greater level of

7  access if complete removal were not achievable.

8     20. Plaintiff will return to the Store to avail himself of its goods and to

9  determine compliance with the disability access laws once it is represented to

10 him that the Store and its facilities are accessible. Plaintiff is currently deterred

11 from doing so because of his knowledge of the existing barriers and his

12 uncertainty about the existence of yet other barriers on the site. If the barriers

13 are not removed, the plaintiff will face unlawful and discriminatory barriers

14 again.

15    21. Given the obvious and blatant nature of the barriers and violations

16 alleged herein, the plaintiff alleges, on information and belief, that there are

17 other violations and barriers on the site that relate to his disability. Plaintiff will

18 amend the complaint, to provide proper notice regarding the scope of this

19 lawsuit, once he conducts a site inspection. However, please be on notice that

20 the plaintiff seeks to have all barriers related to his disability remedied. See

21 *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

22 encounters one barrier at a site, he can sue to have all barriers that relate to his

23 disability removed regardless of whether he personally encountered them).

24

25 **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

26 **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

27 Defendants.) (42 U.S.C. section 12101, et seq.)

28    22. Plaintiff re-pleads and incorporates by reference, as if fully set forth

Complaint

1    again herein, the allegations contained in all prior paragraphs of this

2    complaint.

3       23. Under the ADA, it is an act of discrimination to fail to ensure that the

4    privileges, advantages, accommodations, facilities, goods and services of any

5    place of public accommodation is offered on a full and equal basis by anyone

6    who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

7    § 12182(a). Discrimination is defined, inter alia, as follows:

8           a. A failure to make reasonable modifications in policies, practices,

9               or procedures, when such modifications are necessary to afford

10              goods,    services,    facilities,    privileges,    advantages,    or

11              accommodations to individuals with disabilities, unless the

12              accommodation would work a fundamental alteration of those

13              services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

14          b. A failure to remove architectural barriers where such removal is

15              readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

16              defined by reference to the ADA Standards.

17          c. A failure to make alterations in such a manner that, to the

18              maximum extent feasible, the altered portions of the facility are

19              readily accessible to and usable by individuals with disabilities,

20              including individuals who use wheelchairs or to ensure that, to the

21              maximum extent feasible, the path of travel to the altered area and

22              the bathrooms, telephones, and drinking fountains serving the

23              altered area, are readily accessible to and usable by individuals

24              with disabilities. 42 U.S.C. § 12183(a)(2).

25      24. When a business provides facilities such as sales or transaction counters,

26   it must provide accessible sales or transaction counters.

27      25. Here, accessible sales or transaction counters have not been provided in

28   conformance with the ADA Standards.

Complaint

26. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

27. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

28. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

30. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

31. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

32. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

6

Complaint

1    (c).)

2

3      **PRAYER**:

4      Wherefore, Plaintiff prays that this Court award damages and provide

5 relief as follows:

6      1. For injunctive relief, compelling Defendants to comply with the

7 Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

8 plaintiff is not invoking section 55 of the California Civil Code and is not

9 seeking injunctive relief under the Disabled Persons Act at all.

10      2. Damages under the Unruh Civil Rights Act, which provides for actual

11 damages and a statutory minimum of $4,000 for each offense.

12      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

13 to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

14

15

16 Dated: September 6, 2020      CENTER FOR DISABILITY ACCESS

17

18                        By:

19                       _____

20                        Russell Handy, Esq.
                        Attorney for plaintiff

21

22

23

24

25

26

27

28

7

Complaint